### KIMBALL v. DETROIT, M. & T. S. L. RY.

(Circuit Court, N. D. Ohio, W. D. November 5, 1910.)

No. 2,225.

1. COURTS (§ 347*)—FEDERAL COURTS—JURISDICTION—PROCEDURE.

Under Conformity Act June 1, 1872, c. 255, § 5, 17 Stat. 197, providing that in actions at law in federal courts the proceedings shall conform to the practice of the state in which the action is brought, to which there is but the one exception that the defense that the court has no jurisdiction of defendant must be set up by special plea in abatement, a plea to the jurisdiction, taking issue with the averment of the petition that plaintiff is a resident of Ohio, where the action is brought, and insisting that he is a resident of Michigan, of which state defendant is also a citizen, is not permissible. Gen. Code Ohio, § 11,309 (Rev. St. § 5061), permits this question, when appearing on the face of the petition, to be raised by demurrer; section 11,311 (section 5063) permits it, when not so appearing, to be raised by answer; and no other method for raising it is known to the practice of that state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*

Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 591; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

2. JUDGMENT (§ 106*)—DEFAULT—EXTENSION OF TIME.

Though defendant merely interposed a plea to the jurisdiction, which practice is not permissible, yet it being impossible to say that it was filed otherwise than in good faith, motion for default judgment will be disallowed, and he will be allowed time in which to plead.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 106.*]

At Law. Action by Bertha G. Kimball against the Detroit, Monroe & Toledo Short Line Railway. Heard on defendant's motion. Disallowed.

C. A. Thatcher, for plaintiff.

King, Tracy, Chapman & Welles, for defendant.

KILLITS, District Judge. This matter is before the court upon motion of the plaintiff for a default judgment in favor of the plaintiff and to fix a time for the jury to assess the damages which the plaintiff has suffered. This motion is based upon the fact that the defendant, instead of answering within rule, has filed what it calls a plea to the jurisdiction, attempting to take issue with the averment of the petition that the plaintiff is a resident of the state of Ohio, and insisting

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the plaintiff is in fact a citizen and resident of the state of Michigan, of which state the defendant is also a citizen. No further answer or defense is interposed, and the rule day for answer has expired. The defendant has attempted in this action at law to follow a course proper in actions in equity, and all the authority given for this proceeding is drawn from equity rules and cases. While it is quite apparent to the court that the plea was filed in perfect good faith, it is equally plain that it has no proper function here.

[1] The act of Congress of 1872, c. 255, § 5, 17 Stat. 197, commonly called the "Conformity Act," provides that in all actions at law the proceedings shall conform to the practice of the state in which the action is brought, and to the operation of this act of conformity there is but one exception, and that is, where the defense is that the court has no jurisdiction of the defendant, that defense must be set up by a special plea in abatement. This proposition is very plain on consideration of Bates on Federal Procedure at Law, §§ 977, 1033, and 1034. There seems to be a call for the innovation on the practice which the defendant has attempted, and considerable argument in its favor as a saver of time and expense, but this court has a little delicacy in attempting to legislate in this behalf.

The act of conformity unmistakably requires us to follow the practice in the state courts. By section 11,309, General Code of Ohio (Rev. St. § 5061), is it permitted to the defendant to demur to the petition when there appears on the face of the petition any one of 10 defects, and this classification is comprehensive enough to include the defect complained of by the defendant in this so-called plea to the jurisdiction. Section 11,311, General Code (Rev. St. § 5063), provides that, when on the face of the petition no ground of demurrer appears, the objection may be taken by answer. The only method known to the Ohio practice to raise the question attempted to be raised by the defendant is that provided by one of these two statutes.

[2] The plea to the jurisdiction must, therefore, be disregarded, but as the court is not able to say that it was filed otherwise than in perfect good faith, the motion for a default judgment must also be disallowed, and defendant is allowed until the 19th of November, 1910, within which to further plead.